**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 18 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALMA AGHA-KHAN, M.D., | No. 18-16553 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02739-GMN-CWH |
| v. | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., a mortgage registration system, Delaware corporation not registered to do business in Nevada; MERSCORP HOLDINGS, INC., parent of Mortgage Electronic Registrations Systems Inc. not registered to do business in Nevada; ASPEN MORTGAGE LLC, a Nevada Limited Liability Corporation; ASPEN FINANCIAL SERVICES, a Nevada business organization; JEFF GUINN; ANGELA NAVA; AMANDA JONES; PATRICIA DEAN; BANK OF AMERICA CORPORATION; RECON TRUST COMPANY; BAC HOME LOANS SERVICING, LP; COUNTRYWIDE HOME LOANS SERVICING, L.P.; RECONTRUST COMPANY, NA-NV MEDIATION TEAM; MELISA MARTIN; TIFFANY MAYES; MARIA C. RODRIGUEZ; DEEDRA WILLIAMS; JAMES DIAZ; HATTIE MOORE; VALINDA PICKENS; FIDELITY NATIONAL DEFAULT; LSI TITLE AGENCY, INC.; ANSELMO | MEMORANDUM* |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

PAGKALIWANGAN; SERVICELINK; BANK OF NEW YORK, FKA Bank of New York; STEPHANIE Y. KING; CASTLE AND COOKE MORTGAGE LLC; LOANCARE; CHICAGE TITLE LAS VEGAS; CHICAGO TITLE AGENCY NEVADA, aka Chicago Title of Nevada, Inc.; SARA HALL; GERRARD AND COX (LEGAL WINGS), aka Gerrard Cox and Larsen; SHELDON ANDREW HERBERT; DOUGLAS D. GERRARD; ESTHER MEDELLIN; AKERMAN SENTERFITT, LLP; NATALIE L. WINSLOW; CHET J. COX; KRISTINA C. COX; NATIONWIDE TITLE CLEARING, INC.; WELLS FARGO HOME MORTGAGE; WELLS FARGO FINANCIAL NATIONAL BANK; WELLS FARGO BANK, N.A.; VLADIMIR PETRICEVIC; CARDINAL FINANCIAL COMPANY, LP; VERDUGO TRUSTEE SERVICES CORPORATION; CITI MORTGAGE INC.; CITIBANK, NA; CITICORP; CITIGROUP; ABIGAIL L. ROSS; TERRA WEST PROPERTY MANAGEMENT; TERRA WEST COLLECTIONS; JENNIFER A. EZELL; MONIQUE D. WASHINGTON; MICHELLE PETERSEN; SAN SEVINO WEST AT SHD; SOUTHERN HIGHLANDS COMMUNITY ASSOCIATION; SAN SEVINO HOME OWNER'S ASSOCIATION; TITLE COURT SERVICES INC.; SHARON TAYLOR; ALESSI TRUSTEE CORPORATION; NORTH AMERICAN TITLE COMPANY; SOUTHERN HIGHLANDS MASTER; AILEEN RUIZ; SOUTHERN HIGHLANDS MASTER HOA; ALESSI AND KOENIG LLP; SAN SEVINO WEST AT SOUTHERN

2

18-16553

HIGHLANDS HOA; ASSESSMENT
MANAGEMENT SERVICES; ARCH G.
NEBRON; HONG X. LAM; HEIDI
HAGEN; NAOMI EDEN; DAVID A.
ALESSI; RYAN KEONIG; NATHAN
HALL; ROBERT ALESSI,

Defendants-Appellees.

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted February 15, 2022[**]

Before:     FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Salma Agha-Khan, M.D., appeals pro se from the district court's judgment
dismissing her action alleging federal and state law claims arising out of a
foreclosure. We have jurisdiction under 28 U.S.C. § 1291. We review for an
abuse of discretion the district court's application of judicial estoppel. *Ah Quin v.
County of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013). We affirm.

The district court did not abuse its discretion by dismissing Agha-Khan's
action on the basis of judicial estoppel. The factual allegations in the complaint
established that Agha-Khan was aware of, but failed to disclose, the existence of

_____

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Agha-Khan's request for
oral argument, set forth in the opening and reply briefs, is denied.

3                                                      18-16553

her claims in her bankruptcy proceeding, and Agha-Khan did not show that her failure to disclose was inadvertent or mistaken. *See Ah Quin*, 733 F.3d at 271-76 (explaining application of judicial estoppel in the bankruptcy context; where plaintiff-debtor reopens bankruptcy proceedings and corrects the initial filing error, the court will conduct inquiry into inadvertence or mistake).

The district court did not abuse its discretion by denying Agha-Khan's February 21, 2018 motion for disqualification because Agha-Khan failed to establish extrajudicial bias or prejudice. *See* 28 U.S.C. § 144 (setting forth requirements for recusal), § 455 (setting forth circumstances requiring disqualification); *United States v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (setting forth standard of review; under § 144 and § 455, the substantive standard for recusal is whether "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned" (citation and internal quotation marks omitted)).

We reject as unsupported by the record Agha-Khan's contention that the district court ignored her motions for sanctions.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**